UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HY-LOK U.S.A., INC., | ) | Case No. CV 10-2091-DMG (MANx) |
| Plaintiff, | ) | **ORDER RE: STIPULATED PROTECTIVE ORDER** |
| vs. | ) | |
| AVF PROCESS CONTROLS, INC. AND DOES 1-10, Inclusive, | ) | |
| Defendant. | ) | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulated Protective Order, filed on June 29, 2010, the terms of the Stipulated Protective Order are adopted as a protective order of this Court, except to the extent, as set forth below, that those terms have been modified by the Court's amendment of Paragraph 10(f) of the Stipulated Protective Order.

The parties are expressly cautioned that the designation of any information, document, or thing as Confidential Information does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under

seal.  Accordingly, reference to this Protective Order or to the partes' designation of any information, document, or thing as Confidential Information is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal.  The parties' mere designation of any information, document, or thing as Confidential Information does not - - without the submission of **competent evidence**, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectible - - constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected.  *See* <u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each type of information, document, or thing sought to be filed under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  Again, **competent evidence** supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectible in its entirety will not be filed under seal if the confidential portions can be redacted.  If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectible portions of the document,

shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

### TERMS OF STIPULATED PROTECTIVE ORDER

1.    This stipulated protective order (the "Stipulated Protective Order") shall govern documents, materials, and information, whether oral, written, or demonstrative produced or otherwise made available by any party or third-party ("Producing Entity") to any party ("Receiving Party") in connection with discovery in this action ("Discovery Material"), which has been designated as confidential by the producing party, and shall continue in effect after the conclusion of this litigation.

2.    Discovery Material may only be used and disclosed for the purposes of this litigation, including appeals, and may not be used for any other purpose.

3.    "Confidential Information" refers to Discovery Material that the Producing Entity in good faith regards as confidential or proprietary or financial information that it would not ordinarily disclose, is not known to persons outside the Producing Entity, which the Producing Entity has protected against disclosure, and which the Producing Entity believes in good faith would harm its competitive position if it was disclosed without protections.  "Confidential Information" includes any copies or summaries of such information or any materials that reveal the contents of such information.

4.    All or any portion of any Discovery Material may be designated as Confidential Information provided such designation is made in good faith, and, once designated, such material shall be treated as Confidential Information, under the

terms of the Stipulated Protective Order until such designation is withdrawn by the Producing Entity or by an Order of this Court.

5.      Documents may be designated as Confidential Information by placing a stamp on each page that reads "CONFIDENTIAL."   Electronically stored information may be designated as Confidential Information by placing a mark that reads "CONFIDENTIAL" on the information or media containing the information. Electronically stored information may be designated as Attorneys' Eyes Only Information by placing a mark that, in substance, reads "ATTORNEYS' EYES ONLY" on the information or media containing the information.

6.      Deposition exhibits or transcripts, or any portion thereof, may be designated as Confidential Information by making such a designation on the record at the deposition or by making such a designation in writing within thirty days of receipt of the deposition transcript by the Producing Entity.

Until thirty days after receipt by the Producing Entity of the deposition transcript, the entire transcript and all exhibits shall be treated as CONFIDENTIAL. The party conducting the deposition shall bear the burden of ensuring that the cover page and any designated portions of the original transcript or any copies of the transcript bear, in substance, the legend "CONFIDENTIAL - - Subject to Protective Order".

7.      Responses to interrogatories, responses to requests for production of documents, information or things, and responses to requests for admission, may be designated as Confidential Information by placing, in substance, the legend "CONFIDENTIAL," on the first page of such document and on any pages that contain Confidential Information.

8. In the event that a Producing Entity inadvertently fails to designate any Discovery Material as Confidential Information, that material shall still be treated as Confidential Information provided that the Producing Entity provides written notice to the Receiving Party, as soon as practicable, designating the material as Confidential Information. Upon receipt of such written notice, the Receiving Party shall treat the designated material as Confidential Information and shall stamp or mark it accordingly, or, if the Producing Entity provides correctly designated copies of the material, destroy the mis-designated material or return it to the Producing Entity. The Receiving Party shall not be responsible for any use or disclosure of the mis-designated material prior to receipt of such written notice, provided such use or disclosure was proper with respect to the material as it was designated at the time.

9. Any party may dispute the designation of Discovery Material as Confidential Information, by setting forth the grounds for such dispute in writing to the Producing Entity. If the dispute cannot be resolved informally among counsel, it may be submitted to the Court by written motion for resolution. The Producing Entity shall bear the burden of proof as to the propriety of any designation. Pending informal resolution by the parties or order of this Court, any disputed information shall be treated in accordance with its designation by the Producing Entity.

10. Counsel for the Receiving Party shall not disclose or permit disclosure of Confidential Information to any other person or entity, except:

a. the Receiving Party;

b. counsel for the Receiving Party and employees of such counsel;

c. consultants or experts employed or retained by the Receiving Party to assist counsel in this litigation, and their employees or support staff, to the extent reasonably necessary to provide such assistance, provided that such

consultant or expert, or any of their employees or support staff, is not a present or former employee, officer, or director of a party to this litigation;

   d.   any person called to testify under oath by the Receiving Party in connection with this litigation, during their testimony, provided they do not retain copies of such documents;

   e.   a court reporter at a deposition; or

   f.   the Court and court employees.

11.   No information may be disclosed to any person in accordance with subsections (c), (d), or (e) of Paragraph 10 of the Stipulated Protective Order unless such person has agreed to be bound by the terms of the Stipulated Protective order by signing the Confidentiality Agreement attached hereto as Exhibit A.

12.   If a Receiving Party proposes to file Confidential Information with the Court (including pleadings, memoranda, or other documents that quote or summarize such information) if any papers to be filed with the Court contain protected information, the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the protected information (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed.  The Receiving Party shall also file a redacted version of the motion and supporting papers.  All papers that refer to or rely upon such evidence shall designate the particular aspects that are confidential, so that the Court, in drafting Orders, to determine whether there is evidence that should not be specifically identified in the Order(s).

13.   If any Confidential Information is disclosed to any person other than as permitted by Paragraph 10 of the Stipulated Protective Order, the party responsible for the disclosure shall, upon discovery of the disclosure, immediately inform the

Producing Entity whose information is disclosed of all facts pertinent to the disclosure, including the name, address, and employer of the person to whom the disclosure was made.    The party responsible for the disclosure shall take all reasonable steps to prevent any further disclosure of the Confidential Information.

16. [sic][1]  Within thirty days of the conclusion of this litigation, including any appeals, each party shall, through its counsel, provide written confirmation to the Producing Entity that the party has destroyed or returned any and all Confidential Information, provided that counsel of record for each party may keep a copy of all pleadings and correspondence in this litigation and any attorney work-product, and further provided that all retained Confidential Information or shall be treated in accordance with the terms of the Stipulated Protective Order.

17.    Nothing in this Order shall be construed to limit a Producing Entity's use or disclosure of its own materials.

18.    If Discovery Material is inadvertently produced that is subject to a claim of privilege or of protection as attorney work product or trial-preparation material and the Producing Entity notifies the Receiving Party of the claim and the basis for it, then: (a) such disclosure shall be without prejudice to any claim of privilege or protection, (b) the Receiving Party shall not argue that such production constitutes waiver of any claim or privilege or protection, (c) the Receiving Party shall promptly return or destroy the material in question and any copies.    If the Receiving Party in good faith disputes the claim of privilege or protection, the Receiving Party may maintain one copy of the disputed material, provided it promptly presents the information to the Court under seal for a determination of the

_____

[1] The Stipulated Protective Order does not include either a Paragraph 14 or 15.

claim. If the Receiving Party disclosed the information before being notified, it must take reasonable steps to retrieve it.   The Producing Entity must preserve the information until the claim is resolved.

19.   Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

20.   Nothing in this Stipulation and Order purports to control or govern the handling of Confidential Information at the trial of this matter or at other hearings, which shall be determined by the Court.

**IT IS SO ORDERED**.

Dated:  October 6, 2010

_____
Margaret A. Nagle
United States Magistrate Judge

### **EXHIBIT A**

I have reviewed the Stipulated Protective Order, dated _____,

2010 (the "Stipulated Protective Order") in the matter of *Hy-Lok U.S.A., Inc. v. AVF*

*Process Controls, Inc*.  I understand that pursuant to the Stipulated Protective Order,

information disclosed in this matter through discovery shall be held confidential

pursuant to the terms of the Protective Order.  I hereby agree to be bound by the

terms of the Stipulated Protective Order, including all provisions relating to the

treatment of confidential information.

Dated at _____, this _____ day of _____, 201__

Signature:_____

Printed Name:_____

Address:_____

_____

_____